## In re SOUTHERN INDUSTRIAL BANKING CORPORATION, d/b/a Daveco Debtor.

### Thomas E. DUVOISIN, Trustee, Plaintiff,

v.

### FIRST TENNESSEE BANK, KNOXVILLE, TENNESSEE and Federal Deposit Insurance Corporation, Defendants,

### Knoxville News-Sentinel Co. Intervenor.

Bankruptcy No. 3–83–00372.

Adv. No. 3–84–0152.

United States Bankruptcy Court, E.D. Tennessee.

May 3, 1985.

Dearborn & Ewing, James R. Kelley, Nashville, Tenn., for plaintiff.

Morton, Lewis, King & Krieg, George W. Morton, Jr., Mary M. Farmer, Knoxville, Tenn., for defendants.

Dean Hill Rivkin, Knoxville, Tenn., for intervenor.

CLIVE W. BARE, Bankruptcy Judge.

Plaintiff is the liquidating trustee for Southern Industrial Banking Corporation (SIBC), a former industrial loan and thrift, whose chapter 11 petition was filed on March 10, 1983. Defendant First Tennessee Bank (FTB) is a state banking corporation which purchased certain assets of the former United American Bank (UAB), an insolvent bank, from the Federal Deposit Insurance Corporation (FDIC) on February 15, 1983.

Plaintiff's complaint, seeking to avoid alleged preferential transfers to either UAB

---

or FTB totaling in excess of $11,000,000, was filed on April 13, 1984.[1] Plaintiff has undertaken extensive discovery through interrogatories and requests for production of documents. On February 14, 1985, attorneys for plaintiff and defendant FTB submitted a proposed protective order to the court. The proposed order is substantially similar to other protective orders previously entered in the local district court.[2] On March 6, 1985, the Knoxville News-Sentinel Company filed its motion to intervene for the purpose of opposing entry of the protective order. After a hearing the motion to intervene was granted.

The objections of the News-Sentinel are detailed in its memorandum accompanying its March 6th intervention motion. According to the News-Sentinel, the proposed protective order will inhibit its ability to accurately and completely report information to the public. Further, the News-Sentinel contends the proposed protective order violates the First Amendment and common law rights of the press and the public.

Attorneys for FDIC and FTB have indicated their willingness to consider suggested modifications of the proposed protective order by the News-Sentinel, but apparently no agreement has been reached. In any event, FDIC and FTB insist a protective order is necessary to preserve both their respective proprietary information interests and the privacy rights of persons not parties to this litigation. FDIC and FTB also maintain the protective order is necessary to safeguard from criminal sanctions FDIC employees and agents who make documents available to plaintiff in response to discovery demands.

Plaintiff trustee and his attorneys are willing to abide by the terms of the proposed protective order. Indeed, plaintiff's counsel represents that he has no interest in the identity of the customers of UAB; he merely wants to discover how UAB did business.[3]

Bankruptcy Rule 7026 incorporates Fed. R.Civ.P. 26, which provides in part:

(c) *Protective Orders.* Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

.    .    .    .    .

(2) that the discovery may be had only on specified terms and conditions ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way....

Preservation of the confidentiality of materials revealed during discovery but not made public at trial is one important purpose of a pre-trial protective order. *National Polymer Products, Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 424 (6th Cir. 1981). "[P]retrial depositions and interrogatories are not public components of a civil trial." *Seattle Times Co. v. Rhinehart*, —— U.S. ——, 104 S.Ct. 2199, 2207, 81 L.Ed.2d 17 (1984) (footnote omitted). Furthermore, "an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint

---

**1.** FDIC in its receivership capacity, though not initially named, was joined as a defendant in this action pursuant to an order entered March 28, 1985.

**2.** See *Federal Deposit Insurance Corp. v. Arnold*, Case No. 3–81–325 (protective order filed July 14, 1981); *Ginn v. Federal Deposit Insurance Corp.*, Case No. Civ. 2–83–207 (protective order filed July 18, 1984); *Allen v. Federal Deposit Insurance Corp.*, Case No. 3–84–274 (protective order filed August 7, 1984); and *Federal Deposit*

*Insurance Corp. v. Hardin*, Case No. Civ. 2–84–121 (protective order filed October 5, 1984).

**3.** Masking the identity of UAB customers in documents furnished in the discovery process would presumably require an inordinate effort. Further, FDIC and FTB contend they cannot identify all documents which might be relevant to the theory they believe plaintiff is advancing (i.e. a de facto merger occurred between UAB and FTB).

that requires exacting First Amendment scrutiny." *Rhinehart*, 104 S.Ct. at 2208.

At issue in *Rhinehart* was whether a newspaper, a party in the civil litigation, had a First Amendment right to disseminate information, obtained through the pretrial discovery process, in advance of trial. The Court held the First Amendment is not violated where a protective order, entered on a showing of good cause, "is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources...." *Rhinehart*, 104 S.Ct. at 2209–10.

■ The court is persuaded that good cause exists in this case for the entry of a protective order. Plaintiff's counsel represents it is impossible for him to effectively subpoena documents because he does not know what UAB records exist and are in the possession of either FDIC or FTB. *Federal and state law impose limitations upon the disclosure of relevant information in this case by either FDIC or FTB.* Section 3417(a) of Title 12 of the United States Code enacts:

*Civil penalties*

*Liability of agencies or departments of United States or financial institutions*

(a) Any agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to the customer to whom such records relate in an amount equal to the sum of—

(1) $100 without regard to the volume of records involved;

(2) any actual damages sustained by the customer as a result of the disclosure;

(3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and

(4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Tenn.Code Ann. § 45–10–104 (Supp.1984) provides:

*Requisites for disclosure.*—Except as provided in § 45–10–103, a financial institution may not disclose to any person, except to the customer or his agent, any financial records relating to that customer unless:

(1) The customer has authorized disclosure to that person as provided in § 45–10–105, or

(2) The financial records are disclosed in response to a lawful subpoena which meets the requirements of §§ 45–10–106 and 45–10–107.

Also, federal law imposes criminal sanctions for improper disclosure of information in a bank examination report:

*Disclosure of information from a bank examination report*

Whoever, being an examiner, public or private, ... discloses the names of borrowers or the collateral for loans of any member bank of the Federal Reserve System, or bank insured by the Federal Deposit Insurance Corporation examined by him ... to other than the proper officers of such bank, without first having obtained the express permission in writing from the Comptroller of the Currency as to a national bank, the Board of Governors of the Federal Reserve System as to a State member bank, or the Federal Deposit Insurance Corporation as to any other insured bank, or from the board of directors of such bank, except when ordered to do so by a court of competent jurisdiction ... shall be fined not more than $5,000 or imprisoned not more than one year or both.

18 U.S.C.A. § 1906 (1984).

Furthermore, legitimate concerns exist pertaining to proprietary information.

However, the proposed protective order is too broad. Accordingly, the court will enter a modified version of the proposed protective order pertaining to documents exchanged during pre-trial discovery.